Supreme Court, Erie County Trial Term. March, 1903. Unreported.

PATRICK W. CULLINAN, as State Commissioner of Excise, *v.* ELI T. HOSMER and One.

Motion by plaintiff for new trial on judge's minutes.

*Royal R. Scott,* attorney for plaintiff.

*Pooley & Spratt,* attorneys for defendant Hosmer.

*James O. Moore,* counsel for defendant Title Company.

KENEFICK, J.: The grounds of objection urged in support of this motion are:

*First.* That there was no evidence justifying the submission to the jury of the question whether the sale of brandy was upon the presentation of a written prescription of a regularly licensed physician authorizing such sale.

*Second.* That the court erred in allowing defendant to testify as to the contents of the alleged prescription.

*Third.* That the uncontradicted evidence was that the defendant suffered and permitted gambling upon his premises.

We will consider the objections in the order named.

The defendant testified that the vendee (an agent of the department of excise), at the time of the sale, produced a prescription, in form a physician's prescription, and purporting to be signed by a physician; that the written prescription was lost, and that he was unable to state by whom it was signed, but that he believed at the time that the signature attached thereto was the signature of a physician.

It is urged by the plaintiff that the burden rested upon the defendants to establish that the prescription was signed by a regularly licensed physician. And attention is called to some cases in this State which hold that in a prosecution for the unlawful sale of liquors where the defendant asserts that he is running a hotel, or that it is a club, and that, therefore, the particular sale was authorized, the burden rests upon the defendant to establish such claim. That rule seems to rest upon the ground that the form of liquor tax certificate issued to saloons, clubs and hotels

is the same, and that the mere production of the license does not establish of itself that the defendant was running a hotel or club. It will readily be seen that those cases are distinguishable from this in that a special form of license is prescribed for pharmacists, and upon the mere production of the license the right to sell upon prescription is established. It, therefore, seems to me that the burden of proving an unlawful sale rests upon the plaintiff.

It is also urged by the plaintiff that, assuming the burden rests upon him in this respect, the evidence given by the defendant creates no issue whatever, because he is unable to swear with certainty that he knew at the time the prescription was handed to him that the signature affixed thereto was the signature of a regularly licensed physician. I cannot agree with this view. Assume, for the purpose of the argument, that the testimony of the defendant is true, namely, that the excise agent handed to him at the time of the sale a written prescription in form the prescription of a physician, and affixed to such prescription was the signature of a person signing himself as a physician; and assuming also that it appeared upon the trial that the signature on the prescription was not the signature of a regularly licensed physician, but that the excise agent had gotten some layman to subscribe his signature as a physician, would the excise department be permitted to recover against the certificate holder and his surety by practicing such a deception? I think not. If a written prescription in proper form and purporting to be signed by a physician were handed by the excise agent to the certificate holder, then I think for the purposes of this action we must assume that the signature attached thereto was that of a regularly licensed physician. In that view of the case there was a square issue of fact as between the excise agent upon the one side and the certificate holder upon the other as to whether such a prescription was produced at the time of the sale.

As to the second point above mentioned it is urged that no secondary evidence of the prescription should have been received, for the reason that the certificate holder did not observe the method of preserving the prescriptions prescribed by law. His testimony is that he did not put the prescription upon a spindle, but that the same was lost, and he had been unable, after thorough search, to find it. This can hardly be called a voluntary destruction of primary evidence within the cases cited on the plaintiff's brief. I think the secondary evidence was permissible

and the failure of the certificate holder to preserve the prescription in the method prescribed by law bears upon the credibility of his testimony, as was pointed out in the charge.

As to the third objection, I see no reason to change the opinion expressed upon the trial that the use of the apparatus in question was not gambling within the meaning of the section of the Liquor Tax Law in question.

(The Court: I shall hold, for the purposes of this case, at this time, while this gambling or this nickel-in-the-slot machine was a lottery, yet it did not fall within the term "gambling" as contemplated by this bond, and I shall submit to the jury the question as to whether this sale was made on prescription or without prescription. You may have an exception to my ruling.)

The motion for new trial is denied, with ten dollars costs.